## Drake et al. *v.* Jones.

Where defendant sets up a discharge under the bankrupt law of the United States of 19 August, 1841, and plaintiff alleges in an amended petition that the discharge was obtained by fraud, but without sufficient specification, he may afterwards, in vacation, and without any order from the judge at chambers, file with the clerk a notice to the defendant specifying the acts of fraud intended to be proved; and a copy of this notice, if served on defendant in time, will suffice, the act of Congress of 1841, which controls this subject, requiring only, "prior reasonable notice, specifying the fraud or concealment. It is not necessary that the specification should have formed part of an amended answer.

APPEAL from the District Court of Bossier, *Taylor*, J. *Lawson*, for the appellants. *Spofford*. for the defendant. The judgment of the court was pronounced by

Slidell, J. To an action of debt the defendant pleaded his discharge in bankruptcy, under the act of Congress. At the May term of the court below, in 1847, the plaintiffs, with the permission of the court, filed an amended petition, a copy of which was duly served upon the defendant, in August, 1847. In this the plaintiffs charged fraud against the bankrupt, but in a very loose and vague manner. No exception to the amendment was pleaded by the defendant. On the 6th May, 1848, during vacation, and without an order at chambers, plaintiffs filed in the clerk's office a notice to the defendant, specifying certain acts of fraud intended to be proved. A copy of this notice was served by the sheriff upon the defendant, on the 11th May, 1848, four days before the session of the court, and six days before the trial. On the 17th May, the parties proceeded to trial, without objection; and, after the plaintiffs had offered evidence to establish the debt, and the defendant had offered his certificate, the plaintiffs offered evidence in support of the charge of fraud, which, upon objections of defendant, the court refused to receive. No evidence of fraud being before them, the jury found a verdict for the defendant.

The objection that the evidence was inadmissible under the first notice contained in the amended petition was tenable, because the notice was vague and uncertain. But that was immaterial, having been cured by the second notice, to which counsel do not object on that score.

But it is urged that the evidence of fraud was inadmissible under the second notice, because that document, though marked "filed" by the clerk, formed no part of the record; that it was an attempt, on the part of the plaintiffs, to amend their pleadings in vacation, without an order of the court, or the consent of the defendant. It is true, that our Code of Practice requires that amendments should be sanctioned by an order of court. But, in our opinion, this subject is controlled by the act of Congress, which does not require that the certificate should be impeached upon a formal plea, but is satisfied by "a prior reasonable notice, specifying such fraud or concealment." We see no objection, therefore, to the filing of the notice in vacation and without leave of court, provided a copy be seasonably communicated to the bankrupt.

This brings us to the last ground urged by the appellee, which is, that the notice came too late. This objection depends wholly upon the question what, in point of time, is to be considered as prior reasonable notice. It is said that six days is too short, and that to prepare himself to meet charges of so grave a

character, the defendant was reasonably entitled to a delay, at least as long as that given by law for answering in an ordinary litigation. We do [not deem it necessary at present, even if we were permitted to do so, to lay down an inflexible rule on this subject. The district judge having considered the notice too short, we shall not question the correctness of his opinion in that respect. But we think that, in view of all the circumstances, and especially of the fact that the defendant went to trial without objection, the court, if it still thought proper to hold the defendant to the investigation of a charge so grave upon notice so short, ought to have done so only by a continuance of the cause. That was the extent to which the defendant should have been relieved, and by that course the rights of each litigant would have been saved.

It is, therefore, decreed that, the judgment of the court below be reversed, and that this cause be remanded for further proceedings according to law, and with instructions to the court below, to receive the evidence mentioned in the bill of exceptions; the defendant paying the costs of this appeal.